ELLIS *v.* CARROLL, ADMINISTRATOR.

4-8890                                            220 S. W. 2d 800

Opinion delivered May 23, 1949.

*Manuel M. Wiseman* and *Hal B. Mixon*, for appellant.

*Sharp & Sharp,* for appellees.

GEORGE ROSE SMITH, J. Appellant, Oina Fisher Ellis, brought this action against the personal representative and heirs of Mary E. Lawson to enforce an alleged oral contract by which Mrs. Lawson agreed to leave part of her estate to appellant. The contract is said to have been made in December, 1911, between Mrs. Lawson and

Hamp Fisher, appellant's father. Appellant was then a thirteen-year-old girl. Fisher testified that Mrs. Lawson asked him to let Oina live in her home and work for her until the child was grown and married. Fisher assented to the arrangement upon the understanding that Mrs. Lawson would devise to Oina an heir's share in her estate. As Fisher put it, Mrs. Lawson agreed that Oina would receive a share equal to that of Mrs. Lawson's brother, who was then living, or to that of any of her nieces. It is conceded that Oina did move to Mrs. Lawson's home and worked there until her marriage about five years later. Mrs. Lawson died in 1947 without having made a will, and this action was brought to enforce the contract against her five surviving nieces.

The chancellor correctly held that the agreement was not proved by clear and convincing evidence. Even Fisher's version of the arrangement is somewhat indefinite, for the interest of Mrs. Lawson's brother would not have been the same as that of any of her nieces. Fisher's testimony is contradicted by a disinterested witness, Moody, who was present when the transaction occurred and says that it was Fisher who asked Mrs. Lawson to take Oina into her home. According to Moody, Mrs. Lawson was actuated by sympathy for the girl, whose own home is shown not to have been a good environment for a young child. Several other witnesses ascribed the same motive to Mrs. Lawson's action, and none of them had heard any mention of an agreement making Oina an heir. Moreover, it was proved that Mrs. Lawson later befriended two other young girls in the same manner. Neither of these recipients of her generosity has come forward with a claim like that advanced by appellant. In view of all the circumstances we are not convinced that the asserted contract was ever made.

Affirmed.